# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW FRANKLIN TAYLOR, JR., | Case No.: 25-CV-2314-BEN-DDL |
| Plaintiff, | |
| v. | **ORDER** |
| GREYHOUND BUS LINES, | |
| Defendant. | |

On August 9, 2025, *pro se* Plaintiff Matthew Taylor, Jr. filed the instant action against Defendant Greyhound Lines, Inc. and filed a concurrent motion to proceed *in forma pauperis* ("IFP"). (Doc. 2). For the reasons set forth below, the Court **DISMISSES** Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e) and **DENIES** the motion to proceed IFP as moot.

## I. BACKGROUND

Plaintiff alleges that Defendant Greyhound was involved in or enabled illegal murder attempts, financial coercion, and other unlawful acts in violation of 18 U.S.C. § 1113. (Doc. 1 at 5). Plaintiff seeks $2.1 billion in damages. *Id.* at 4.

## II. DISCUSSION

### A. Screening under 28 U.S.C. § 1915(a)

A complaint filed pursuant to the IFP provisions of 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review by the Court. *Lopez v. Smith*, 203 F.3d 1122,

-1-

1127 (9th Cir. 2000). The Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To pass screening, all complaints must contain a "short and plain statement of the claim showing that the pleader is entitled to relied." Fed. R. Civ. P. 8(a)(2).

   Plaintiff cannot proceed with his claim because he fails to state a claim. A complaint filed by any person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to mandatory *sua sponte* review and dismissal by the Court. "[T]he court shall dismiss" a case filed IFP "at any time if the court determines that…the action…(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief" 28 U.S.C § 1915(e)(2). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 680, 681 (7th Cir. 2012)).

   "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in it, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When a judge assesses plausibility, he must draw on "judicial experience and common sense." *Id*. at 664.

   Here, Plaintiff alleges President Donald Trump intentionally caused his destitute condition. His complaint references traveling from Indianapolis to San Diego and being unable to attend court due to murder threats. Plaintiff states one cause of action, 18

U.S.C. § 1113[1], which is wholly inapplicable.  Section 1113 is a criminal statute for murder or manslaughter attempts that occur "within the special maritime and territorial jurisdiction of the United States."  Plaintiff fails to state a claim as the criminal statutes he cites are not applicable.

### B. Motion to Proceed *In Forma Pauperis*

Because Plaintiff does not provide for a viable claim in his complaint, the Court **DENIES** his motion to proceed ("IFP") as moot.

### III.   CONCLUSION

Accordingly, Plaintiff's complaint is **DISMISSED** without prejudice for failure to state a claim.  *See* Fed. R. Civ. P. 12(h)(3); 18 U.S.C. § 1915(e)(2)(B).[2]  Plaintiff's motion to proceed IFP is **DENIED** as moot. The Clerk of Court is respectfully directed to close this case.

**IT IS SO ORDERED.**

DATED:    September 15, 2025

_____
**HON. ROGER T. BENITEZ**
United States District Judge

---

[1] "Attempt to commit murder or manslaughter.  [W]however, within the special maritime and territorial jurisdiction of the United States, attempts to commit murder or manslaughter, shall, for an attempt to commit murder be imprisoned not more than twenty years or fined under this title, or both, and for an attempt to commit manslaughter be imprisoned not more than seven years or fined under this title, or both."

[2] A business entity cannot be charged with attempted murder. Moreover, the Plaintiff lacks standing to file a criminal charge.